plaintiff that he had stumbled over the same without falling, there was no evidence that any one had ever encountered this obstruction, or that any one had ever suggested that it was in any manner dangerous.

It merely appears that this obstruction existed apparently for the private purposes of the abutting owners, and that the street was a much-used highway; and the municipal authorities may be held to be liable for permitting such an obstruction for private purposes, where they would not be liable if the obstruction was shown to exist as a necessary part of some public utility. The case cannot, we think, be distinguished from that of Preiss v. City of New York, 69 Misc. Rep. 492, 127 N. Y. Supp. 498, and it is very much in line with that of Archer v. City of Mt. Vernon, 57 App. Div. 32, 67 N. Y. Supp. 1040, and we are inclined to the opinion that under all of the circumstances it was properly submitted to the jury, and that the verdict ought not to be disturbed.

The judgment and order appealed from should be affirmed, with costs. All concur.

---

KREISCHER v. HAMPTON CO.

(Supreme Court, Appellate Division, Third Department. May 6, 1914.)

ADJOINING LANDOWNERS (§ 4*)—LATERAL SUPPORT—LIABILITY UNDER AGREE-
MENT.

  Plaintiff and defendant owned adjoining lots with the buildings thereon, and defendant started to demolish its building and notified plaintiff to protect his walls and entered into a written agreement that during the demolition it would protect plaintiff's building against any act or omission of its own and leave it in substantially the same condition as before. Defendant made excavations upon its lot and left a fragment of wall on one end of the line of plaintiff's lot which after a heavy rain was observed to be sliding, whereupon a harness was put over the top of plaintiff's building, which after the sliding was found to leave its walls out of plumb, one of its walls tilted, and to be otherwise seriously injured. *Held*, that under the agreement defendant was liable for the injuries.

  [Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 21–36, 38–44; Dec. Dig. § 4.*]

Appeal from Trial Term, Albany County.

Action by Jacob Kreischer against the Hampton Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The following is the opinion of the trial court:

HASBROUCK, J. In May, 1909, the plaintiff and defendant owned adjoining premises on Beaver street in the city of Albany. The plaintiff undertook during June of that year to improve his building on No. 9 Beaver street, and had made some progress at it, when the defendant, owning No. 11 Beaver street, which adjoins No. 9, gave the plaintiff notice that he should protect his walls and that the defendant was starting to demolish its buildings on No. 11 and other lots to the westward for the purpose of erecting an addition to its hotel. Subsequent to this notice some dispute arose between the defendant and its contractors on the one hand and the plaintiff on the other, but on August 7th these disputes were appeased by an agreement entered into

---

between the parties to this action. By the agreement the Hampton Company, agreed among other things:

"To start the work of demolishing the existing party walls between Nos. 9 and 11 Beaver street * * * immediately and prosecute the work of demolition and protecting all the Kreischer building. * * * That the Hampton Company will at all times during the progress of the work protect the stability of the Kreischer building against any act or omission of the Hampton Company. * * * That the Kreischer building will at the completion of this agreement be left in substantially the same condition as before building operations were commenced."

In the process of demolishing its old buildings to make room for a new one there was left standing on Beaver street a fragment of wall approximately 40 feet long. This fragment stood along the northerly end of the westerly line on plaintiff's property. Some time prior to September 10th excavations had been dug on the defendant's property for the location of certain boilers which were to be used in the operation of the defendant's hotel. The depth of these boiler pits was about 14 feet and distant from the westerly end of the plaintiff's premises and the fragment a few feet. The soil beneath the fragment was clayey, and on the 10th day of September there was a rainfall of about $57/100$ of an inch. Late in the afternoon of the 10th day of September the fragment was observed to be moving. To arrest it a harness was put over the top of the Kreischer building, engaging and fast to the fragment on the defendant's premises. On the 10th and 11th of September the movement of this fragment continued. It slid towards the south and listed to the west. When this movement had culminated the Kreischer building was found involved. The east wall of the structure, the front wall at the southwest on the street line were out of plumb, and the westerly wall was much tilted towards the west from the second story up; and the building was otherwise seriously injured.

Whatever the relations between the defendant and its contractors, whether of independence or agency, the defendant had, it appears to us, agreed to protect the Kreischer building during the progress of the work. This obligation it assumed by its contract with the plaintiff, and upon it the plaintiff had a right to rely. The fragment moved because of conditions existing on No. 11 Beaver street, for which conditions so far as they affected the plaintiff the defendant assumed the responsibility. So, whether the slide and list of the fragment were the immediate result of what the contractors did, or what the architect advised, can make very little difference. The defendant did not protect the Kreischer building and failed and neglected to perform its contract, and is therefore, as we view it, liable to compensate the plaintiff for the injuries suffered by him on account of its nonperformance. I find the amount of damage the plaintiff sustained to be the sum of $5,770.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Murray Downs, of New York City, for appellant.

Countryman, Nellis & Du Bois, of Albany (A. J. Nellis, of Albany, of counsel), for respondent.

PER CURIAM. Judgment unanimously affirmed, with costs, upon the opinion of Hasbrouck, J., at Trial Term.